JUNE TERM, 1919. 305

*93 N. J. L.*     Egyptian Lacquer Mfg. Co. v. Chem. Co.

## THE EGYPTIAN LACQUER MANUFACTURING COMPANY, PLAINTIFF, v. CHEMICAL COMPANY OF AMERICA, DEFENDANT.

Submitted October 17, 1919—Decided October 29, 1919.

In a suit against a riparian owner for injuries resulting from the alleged pollution of a flowing stream, the plaintiff set out in its complaint that an incorporated city had the legal right to take water from the stream and furnish it to its citizens; that plaintiff operated a manufacturing plant in the city requiring a large quantity of water which the city furnished; that defendant, a riparian owner above the intake of the city, emptied into the stream refuse from its factory, which corrupted the stream so that the water supplied by the city was filled with polluted matter injurious to the chemical products of the plaintiff, resulting in serious damage to it. *Held,* that the complaint did not set out a cause of action in favor of the plaintiff, a non-riparian owner, against the defendant for the alleged pollution.

On motion to strike out complaint.

Argued before a single justice by consent.

For the motion, *John K. English.*

*Contra, Abe J. David.*

The opinion of the court was delivered by

BERGEN, J. This is a motion to strike out a complaint and takes the place of a demurrer. The complaint sets out that the city of Rahway is authorized by law to take such portion of the water of the Rahway river as may be required to furnish the inhabitants of the city with wholesome water for domestic and other uses; that plaintiff has a factory in the city for the manufacture of chemical products requiring a large quantity of water which was supplied to it by the city; that defendant, having a factory located at or near the river, emptied therein refuse from its factory above the intake of the

city which so polluted the water furnished by the city that the plaintiff was injured in its use, and the carrying on of its business thereby prevented, to its great injury, and that the defendant knew that the water from the stream was being used by the city for the purpose of furnishing it to its inhabitants for domestic and other uses. There is no averment that either of the parties, or the city, are riparian owners other than that defendant carried on its business "at or near" the Rahway river, but assuming, as most beneficial to the pleader, that both defendant and the city are riparian owners, it is clear that the plaintiff is not, and it is equally plain that the complaint avers no contractual relation between the plaintiff and the defendant, or between the defendant and the city, as to the supply of water. This presents the question whether, granting the right of the city to maintain an action against defendant because of the pollution, the plaintiff has such right, not being a riparian owner. I think this case is governed by the principle laid down by the Court of Errors and Appeals in *Baum* v. *Somerville Water Co.*, 84 *N. J. L.* 611, which was a suit by an owner of land, who was furnished water for fire purposes by the municipality, against the water company, and it was urged that the agreement of the water company to furnish water to the municipality, which the latter delivered to the plaintiff, imposed a duty on the company to furnish sufficient water, under proper pressure, for use in extinguishing fires, but the appellate court held that in the absence of a contract with the plaintiff no such duty existed, and I fail to see any distinction between quantity and quality furnished, under similar conditions. We may assume in this case that a liability existed in favor of the city as a lower riparian owner for the pollution of the stream by a higher riparian owner, but there the obligation ceased, for the right of action would not pass to a non-riparian owner merely because the latter had contracted with the city for the furnishing of the water, for his right depends upon his contract with the city which might provide for the very character of water which was supplied. The liability of the defendant, if any, rests upon his violation of the legal right of a lower

riparian owner, unless it had contracted with the plaintiff. There is nothing in this complaint which avers that there was any contract between the defendant and either the city or the plaintiff. This is not a case of an indictment for creating or maintaining a public nuisance, or for the violation of any statute against the pollution of a running stream, but a suit for damages resulting from a special injury based upon the non-performance of a duty which the plaintiff claims was due to it from the defendant—a claim which the pleading does not sustain by any legal averment. It does not aver the violation of a riparian duty to the injury of another riparian owner; it does not aver any contract between the defendant and the city, even if such a contract could inure to the benefit of the plaintiff, which I apprehend it could not under *Styles* v. *Long Company,* 70 *N. J. L.* 301. It does not aver a contract between the city and the plaintiff, nor does it appear by any fact set out that the defendant, as a riparian owner, owed any general duty to the public, or a special one to the plaintiff. As the complaint, considered in an aspect most favorable to the plaintiff, does not show a right of action against the defendant, it will be stricken out, with costs.